FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   OCT 2 0 2015   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

GLENN MOORE RICE JR.,

    Defendant.
------------------------------------------------------------X

**OPINION & ORDER**
96-CR-407 (SJF)

FEUERSTEIN, J.

On July 23, 1999, defendant Glenn Moore Rice Jr. ("defendant") pled guilty, pursuant to a plea agreement, to count one (1) of a two (2)-count superceding indictment charging him with engaging in a continuing criminal enterprise to distribute marijuana in violation of 21 U.S.C. § 848(a).[1] On July 27, 1999, the Honorable Thomas C. Platt, United States District Judge, sentenced defendant, *inter alia*, to a term of imprisonment of three hundred sixty (360) months, to be followed by a period of supervised release for five (5) years. Pending before the Court is defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth herein, defendant's motion is denied.

I.    Background

Pursuant to the United States Sentencing Guidelines Manual ("the Guidelines") effective at the time of defendant's sentencing, defendant's base offense level was forty-two (42).[2] See

---

[1] Count two (2) of the superceding indictment charging defendant with conspiracy to distribute marijuana was dismissed upon the Government's motion.

[2] Pursuant to 2D1.5(a)(1), the base offense level for a violation of 21 U.S.C. § 848 is "4 plus the offense level from § 2D1.1 applicable to the underlying offense[.]" The underlying offenses in this case involved violations of, *inter alia*, 21 U.S.C. §§ 841(a)(1), 846 and 952 and more than thirty thousand (30,000) but less than ninety thousand (90,000) kilograms of

1

U.S.S.G. § 2D1.5(a)(1) and former U.S.S.G. § 2D1.1. The base offense level was reduced by three (3) levels based upon defendant's acceptance of responsibility pursuant to § 3E1.1 of the Guidelines, thereby placing defendant at a total offense level of thirty-nine (39) at the time of his sentencing. Since defendant's criminal history placed him in Criminal History Category III, the advisory Guidelines range at that time was a term of imprisonment of between three hundred twenty-four (324) to four hundred five (405) months. The statutory minimum term of imprisonment for the crime of engaging in a continuing criminal enterprise is twenty (20) years, 21 U.S.C. § 848(a), unless the Court determines that defendant satisfied the mitigating factors in 18 U.S.C. § 3553(f).

Judge Platt sentenced defendant to a term of imprisonment of three hundred sixty (360) months, within the range of three hundred twenty-four (324) to three hundred sixty (360) months stipulated in the plea agreement, (see Transcript of Plea ["Plea"] at 12-13), to be followed by a period of supervised release for five (5) years.[3]

---

marijuana, resulting in an offense level of thirty-eight (38) for the underlying offenses under § 2D1.1 of the Guidelines applicable at the time of defendant's sentencing. Thus, defendant's base offense level under 2D1.5(a)(1) was four (4) plus thirty-eight (38), or forty-two (42).

[3] Judge Platt imposed the sentence to run concurrently with the sentence imposed by the United States District Court for the Western District of Texas ("the Texas district court") on October 16, 1998 for defendant's conviction, upon his plea of guilty, to four (4) counts of a seven (7)-count superceding indictment charging him money laundering and with the underlying offenses of conspiracy to distribute and possess with intent to distribute marijuana, possession with intent to deliver marijuana and importation of marijuana. The Texas district court originally sentenced defendant, *inter alia*, to concurrent terms of imprisonment of three hundred sixty months (360) months on each of the underlying offenses and a concurrent term of imprisonment of two hundred forty (240) months on the money laundering count. In its Statement of Reasons, the district court indicated that it sentenced defendant at the low end of the applicable Guidelines range, i.e., three hundred sixty (360) months to life, due to his age of fifty (50) years at the time of sentencing. However, on appeal, the United States Court of Appeals for the Fifth Circuit vacated that sentence on the basis that the district court erred in failing to group defendant's

2

Defendant now moves pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence to a term of imprisonment of two hundred sixty-two (262) months. The government does not dispute that defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), but contends, in essence, that no reduction of defendant's sentence is warranted in this case.

II. Discussion

18 U.S.C. § 3582(c)(2) provides, in relevant part:

> "The court may not modify a term of imprisonment once it has been imposed except that– * * * in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the

---

drug-related counts, i.e., the underlying offenses, and money-laundering count for sentencing purposes as required by U.S.S.G. § 3D1.2(c), and remanded the matter to the district court for resentencing. U.S. v. Rice, 185 F.3d 326, 329 (5th Cir. Aug. 12, 1999). On October 13, 1999, the Texas district court resentenced defendant, *inter alia*, to concurrent terms of imprisonment of three hundred twenty-four (324) months on each of the underlying offenses and a concurrent term of imprisonment of two hundred forty (240) months on the money laundering count. Defense counsel speculates that "Judge Platt chose a sentence of 360 months because he believed it was identical to what [defendant] was sentenced to in Texas[,]" and that "[i]t is fair to assume that with hindsight, Judge Platt would have sentenced [defendant] to 324 months or the bottom of the guideline level" had he known that defendant would be resentenced by the Texas district court three (3) months later. (Mot. at 3). I, however, am not inclined to believe that Judge Platt merely rubber-stamped the sentence as suggested by defense counsel. Indeed, rather than just impose the same sentence as the Texas district court based only upon the PSR prepared in that court ("the Texas PSR"), Judge Platt denied defense counsel's requests to waive preparation of a PSR in this Court and to sentence defendant during the plea proceedings so that he could fully consider the Texas PSR and the supervising probation officer in this district could determine whether a PSR should also be prepared in this Court. (See Plea at 17-19). Moreover, following review of the Texas PSR, the supervising probation officer prepared a PSR in this Court prior to defendant's sentencing, which I presume was also considered by Judge Platt in determining the appropriate sentence for defendant. Moreover, although defense counsel submits numerous exhibits in support of her motion to reduce defendant's sentence, including, *inter alia*, the transcript of defendant's plea allocution before Judge Platt, she pointedly fails to submit the transcript of defendant's sentencing proceedings which would indicate the actual reason(s) for the sentence imposed upon defendant in this Court.

3

defendant * * *, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Supreme Court has held that "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the [Sentencing] Commission." Dillon v. United States, 560 U.S. 817, 130 S. Ct. 2683, 2690, 177 L. Ed. 2d 271 (2010); see also U.S. v. Johnson, 732 F.3d 109, 116 (2d Cir. 2013) (holding that a Section 3582(c)(2) proceeding is "neither a sentencing nor a resentencing.") Since Section 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding," Dillon, 560 U.S. 817, 130 S. Ct. at 1391, the sentencing court is not "free to address * * * arguments regarding [other] errors at [the defendant's] original, now-final sentencing." U.S. v. Mock, 612 F.3d 133, 134-35 (2d Cir. 2010).

"The Supreme Court has set forth a 'two-step inquiry' for resolving motions pursuant to § 3582(c)(2) for a sentence reduction." U.S. v. Christie, 736 F.3d 191, 194 (2d Cir. 2013) (citing Dillon, 560 U.S. 817, 130 S. Ct. at 2683); accord U.S. v. Bethea, 735 F.3d 86, 87 (2d Cir. 2013). First, the sentencing court must "determine that a reduction is consistent with § 1B1.10 * * * by determin[ing] the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Dillon, 560 U.S. 817, 130 S. Ct. at 2691. "Specifically, § 1B1.10 requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." Id.

4

At the second step of the Dillon inquiry, applicable only if the defendant is found eligible for a reduction in sentence pursuant to Section 3582(c)(2), the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. 817, 130 S. Ct. at 2692. The policy statement in Section 1B1.10 "remains in play at th[e] [second] step as well." Mock, 612 F.3d at 137. Moreover, in considering whether, and to what extent, a reduction in the defendant's term of imprisonment is warranted, the Court must consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," U.S.S.G. § 1B1.10, App. Note 1(B)(ii), and may also consider his or her conduct while in prison that occurred after sentencing. See U.S. v. Figueroa, 714 F.3d 757, 761 (2d Cir. 2013) (citing U.S.S.G. § 1B1.10, App. Note 1(B)(iii) ("The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining ... whether a reduction in the defendant's term of imprisonment is warranted....")); U.S. v. Wilson, 716 F.3d 50, 53 (2d Cir. 2013) (accord). Thus, "even where a defendant is permitted to seek a reduction, the district judge may conclude that a reduction would be inappropriate." Freeman v. United States, 131 S. Ct. 2685, 2694, 180 L. Ed. 2d 519 (2011).

A.  Eligibility for a Sentence Reduction

As relevant here, Amendment 782 to the Guidelines, effective November 1, 2014, modified § 2D1.1(c) of the Guidelines by reducing the offense levels in the Drug Quantity Table by two (2) levels and, thereby, lowering the advisory Guidelines sentencing range for certain

categories of drug-related offenses. Amendment 788 of the Guidelines, also effective November 1, 2014, authorized retroactive application of Amendment 782 to individuals sentenced before its effective date, such as defendant, provided that no incarcerated defendant was released prior to November 1, 2015. See U.S. v. Vargas, 74 F. Supp. 3d 601, 602 (S.D.N.Y. 2015). Pursuant to Amendment 788, subsection (e) was added to § 1B1.10(e) of the Guidelines, which provides that "[t]he Court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."

However, "[a] retroactive amendment to the Guidelines merely authorizes a reduction in sentence; it does not require one." Wilson, 716 F.3d at 52 (quotations and citation omitted); see also U.S. v. Rios, 765 F.3d 133, 137 (2d Cir. 2014), cert. denied by Bautista v. United States, — S. Ct. —, 2015 WL 2256183 (Oct. 5, 2015) (reviewing the district court's denial of a motion to reduce the defendant's sentence under § 3582(c)(2) for abuse of discretion). Moreover, a court's discretion to reduce a sentence under Section 3582(c)(2) is limited by the Sentencing Commission's binding policy statement as set forth in § 1B1.10 of the Guidelines. See Freeman, 131 S. Ct. at 2693 ("The binding policy statement governing § 3582(c)(2) motions places considerable limits on district court discretion.") Section 1B1.10 of the Guidelines provides, in relevant part:

> "(a) Authority–
>
> > (1) In General.– In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy

statement.

(2) Exclusions.– A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if– (A) None of the amendments listed in subsection (d) is applicable to the defendant; or (B) An amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

(3) Limitation.– Consistent with subsection (b), proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b) Determination of Reduction in Term of Imprisonment.–

(1) In General.– In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitation and Prohibition on Extent of Reduction.– (A) Limitation.– Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection. (B) Exception for Substantial Assistance.– If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. (C) Prohibition.– In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

\* \* \*

(e) Special Instruction.– (1) The court shall not order a reduced term of

imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."

Thus, pursuant to the Sentencing Commission's policy statement, "[a]ll Guidelines decisions from the original sentencing remain in place, save the sentencing range that was altered by retroactive amendment." Freeman, 131 S. Ct. at 2693 (citing U.S.S.G. § 1B1.10(b)(1)).

Under Amendment 782, defendant's base offense level is eligible for a reduction from forty-two (42) to forty (40).[4] Applying the three (3)-point reduction for defendant's acceptance of responsibility that was applied at defendant's original sentencing to the new base offense level under Amendment 782 reduces defendant's total offense level from thirty-nine (39) to thirty-seven (37). Since defendant's criminal history placed him in Criminal History Category III[5], the amended Guidelines range that would have been applicable to defendant had Amendment 782 been in effect at the time of his sentencing is a term of imprisonment of between two hundred sixty-two (262) to three hundred twenty-seven (327) months. Accordingly, defendant is eligible for a sentence reduction under Section 3582(c)(2) and, pursuant to the policy statement, his sentence may be reduced by as much as ninety-eight (98) months, i.e., to two hundred sixty-two (262) months, the minimum amended Guidelines range, see U.S.S.G. 1B1.10(b)(2)(A), so long as the reduced term of imprisonment is not less than the term of imprisonment defendant has

---

[4] The offense level from § 2D1.1 applicable to the underlying offenses is eligible for a reduction from thirty-eight (38) to thirty-six (36). Applying the four (4) points required by 2D1.5(a)(1) results in a base offense level of forty (40).

[5] The government's contention that defendant's drug use while under a sentence of imprisonment "could be considered to raise the defendant's Criminal History Level from III to IV[,]" (Gov't Reponse at 4), is without merit since all Guidelines decisions from the original sentencing remain the same except for the sentencing range that was altered by Amendment 782. See Freeman, 131 S. Ct. at 2693.

8

already served. See U.S.S.G. 1B1.10(b)(2)(C).

B.  Whether a Reduction is Warranted

At the time of defendant's resentencing, Judge Platt determined that a sentence of three hundred sixty (360) months in prison, i.e., the maximum of the range stipulated in the plea agreement and the middle of the range of the Guidelines applicable at that time, was appropriate. Upon consideration of all applicable § 3553(a) factors, particularly the nature and circumstances of the offense; defendant's criminal history and characteristics, including the fact that defendant was approximately fifty (50) years old when he was arrested and, thus, continued to engage in criminal activity throughout his forties, and had no verifiable employment history for twenty (20) prior to his arrest, although he reported to have been in the marijuana business for those twenty (20) years; and the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence and to protect the public from further crimes of the defendant, I find that the sentence imposed by Judge Platt, i.e., a term of imprisonment of three hundred sixty (360) months, remains appropriate.[6] Accordingly, upon,

---

[6] Although defense counsel refers to defendant's "poor health" as a factor warranting a sentence reduction, nothing in the medical records submitted by defendant supports a claim that defendant's health is particularly poor or declining. In or around February 2015, defendant was diagnosed with a rotator cuff tear in his right shoulder. In or around March 2015, defendant tested positive for Hepatitis C, but there is no indication whether his condition is acute or chronic, whether he is symptomatic or asymptomatic, etc., although in a letter from defendant to his attorney, defendant indicated that he had been treated for Hepatitis C in 2007 for eleven (11) months. Indeed, in the letter to his counsel, defendant indicated that he opted to defer any treatment for his Hepatitis C until after he underwent surgery on his shoulder and knee and he expressed concern not so much for the condition of his health, but for the cost of his medical treatment to the government as a result of his incarceration. Defendant also indicated that he has also been treated for "Kerantosis [sic] a precancerous skin condition," but there are no medical reports to support that claim.

9

*inter alia*, (1) review of the PSR submitted in both this Court and the Texas district court, the Addendum to the PSR and the parties' submissions on this motion; and (2) consideration of the applicable factors under 18 U.S.C. § 3553(a) and the nature and seriousness of the danger posed by a reduction in defendant's term of imprisonment in light of, *inter alia*, his criminal history, the breadth and nature of the offense for which he was convicted, and his apparent disdain for the law, continuing well past his forties[7], I find that a reduction of defendant's sentence is not warranted under the circumstances of this case.[8] Accordingly, defendant's motion to reduce his sentence pursuant to 18 U.S.C. 3582(c)(2) is denied.

---

Similarly, in a letter to the Court, defendant, *inter alia*, lists the "many medical problems" he experienced during his nineteen (19) years of incarceration, but prefaces the list with the statement that "[a]s of this date, the BOP [Bureau of Prisons] has paid for the following medical procedures[,]" thus reflecting his concern more for the cost of his incarceration than for the condition of his health. Similarly, defendant indicates the expense of the medications he has taken, and will be required to take, while incarcerated, although he makes one conclusory reference to his "declining health" in his closing paragraph of the letter. My concern, however, is not so much for the cost to the government of defendant's continued incarceration as it is for the threat to the community posed by defendant's earlier release from prison.

[7] The Amended PSR indicates, in relevant part, that defendant was disciplined twice while incarcerated, once in 2003, when he was approximately fifty-seven (57) years old, for using drugs or alcohol; and again in 2010, when he was approximately sixty-four (64) years old, for possessing an unauthorized item. Thus, unlike the Texas district court, I do not believe that defendant's age warrants a more lenient sentence under the circumstances of this case.

[8] I recognize that my determination that a sentence reduction is not warranted in this case is contrary to that of the Texas district court, which, by form order and without explanation, reduced the sentence it imposed upon defendant from three hundred twenty-four (324) months to two hundred sixty-two (262) months.

10

III. Conclusion

For the reasons set forth above, defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied.

SO ORDERED.

/s/
SANDRA J. FEUERSTEIN
United States District Court

Dated: October 20, 2015
Central Islip, New York

11