FILED
CLERK
11/24/2015 4:00 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-                          **OPINION & ORDER**
                                               96-CR-407 (SJF)

GLENN MOORE RICE JR.,

                Defendant.
------------------------------------------------------------------X
FEUERSTEIN, J.

On July 23, 1999, defendant Glenn Moore Rice Jr. ("defendant") pled guilty, pursuant to a plea agreement, to count one (1) of a two (2)-count superceding indictment charging him with engaging in a continuing criminal enterprise to distribute marijuana in violation of 21 U.S.C. § 848(a).[1] On July 27, 1999, the Honorable Thomas C. Platt, United States District Judge, sentenced defendant, *inter alia*, to a term of imprisonment of three hundred sixty (360) months, to be followed by a period of supervised release for five (5) years. By opinion and order dated October 20, 2015, I denied defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Defendant now moves for reconsideration of the October 20, 2015 order. For the reasons set forth herein, defendant's motion for reconsideration is granted but, upon reconsideration, I adhere to my original determination.

I.       Reconsideration

Local Criminal Rule 49.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("the Local Rules") provides, in relevant part, that

---

[1] Count two (2) of the superceding indictment charging defendant with conspiracy to distribute marijuana was dismissed upon the Government's motion.

1

"[a] memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked shall accompany [a motion for reconsideration of a Court order determining a motion]." U.S. v. Parrilla, No. 13-cr-360, 2014 WL 2200403, at *1 (S.D.N.Y. May 22, 2014) ("Although the Federal Rules of Criminal Procedure do not provide for motions for reconsideration, Local Criminal Rule 49.1(d) permits such motions and provides that counsel should 'set[ ] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.'") Prior to the adoption of Local Criminal Rule 49.1, courts in this circuit applied the identical standard found in Local Civil Rule 6.3 of the Local Rules to motions for reconsideration in criminal cases. See U.S. v. Yannotti, 457 F. Supp. 2d 385, 389 (S.D.N.Y. 2006). Thus, the standard of review for motions seeking reconsideration is the same under Local Criminal Rule 49.1 as it is under Local Civil Rule 6.3 and the Federal Rules of Civil Procedure. See, e.g. U.S. v. Wilson, 920 F. Supp. 2d 287, 292 n. 3 (E.D.N.Y. 2012), appeal filed, No. 12-3003 (2d Cir. July 24, 2012) (applying the standards for motions for reconsideration in civil cases to the motion for reconsideration under Local Criminal Rule 49.1 since the language of that rule is identical to Local Civil Rule 6.3).

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); accord Lora v. O'Heaney, 602 F.3d 106, 111 (2d Cir. 2010). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple[.]" Analytical Surveys,

Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quotations, alterations and citation omitted); see also Shrader, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."); Gupta v. Attorney General of U.S., 52 F. Supp. 3d 677, 679 (S.D.N.Y. 2014) ("[A] motion to reconsider is not a vehicle for litigants to make repetitive arguments that the court has already considered and it cannot be used to fill in the gaps of a losing argument." (quotations and citation omitted)). Moreover, courts generally will not consider an argument raised for the first time on a motion for reconsideration. See Analytical Surveys, 684 F.3d at 53; Norton v. Town of Brookhaven, 47 F. Supp. 3d 152, 155 (E.D.N.Y. 2014); In re LIBOR-Based Fin. Instruments Antitrust Litig., 27 F. Supp. 3d 447, 457 (S.D.N.Y. 2014) ("Because the remedy of reconsideration does not provide relief where a party failed to present relevant factual or legal arguments, a party seeking reconsideration may not advance new facts, issues or arguments not previously presented to the Court." (quotations and citation omitted)). Reconsideration "is considered an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Butto v. Collecto Inc., 845 F. Supp. 2d 491, 494 (E.D.N.Y. 2012) (quotations and citation omitted); accord Diaz v. Bellnier, 974 F. Supp. 2d 136, 139 (E.D.N.Y. 2013). "Ultimately, however, the decision on a motion for reconsideration is committed to the sound discretion of the district court." Gupta, 52 F. Supp. 3d at 679; accord In re LIBOR-Based Fin. Instruments Antitrust Litig., 27 F. Supp. 3d at 457; Butto, 845 F. Supp. 2d at 494 (E.D.N.Y. 2012).

Defendant has not pointed to any controlling decisions or data that I overlooked in denying his motion to reduce his sentence. Rather, defendant reiterates arguments previously

made and/or disagrees with certain of my findings and/or conclusions in the October 20, 2015 Order. However, mere disagreement with the Court's prior decision is not a basis for reconsideration. See, e.g. Ward v. TheLadders.com, Inc., 3 F. Supp. 3d 151, 170 (S.D.N.Y. 2015); Diaz, 974 F. Supp. 2d at 139 ("A motion for reconsideration should not be used as a vehicle simply to voice disagreement with the Court's decision. . . ." (quotations and citation omitted)); Butto, 845 F. Supp. 2d at 499 (holding that the defendant did not meet its burden of demonstrating that it was entitled "to the extraordinary remedy of reconsideration" because it "merely restated its original rejected arguments or note[d] its disagreement with the Court's previous analysis.")

In any event, none of the contentions raised by defendant in his motion for reconsideration alters the conclusion reached by me in the October 20, 2015 Order, i.e., that a reduction of defendant's sentence is not warranted under the circumstances of this case based upon, *inter alia*, consideration of (a) all applicable § 3553(a) factors, particularly the nature and circumstances of the offense; defendant's criminal history and characteristics; and the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence and to protect the public from further crimes of the defendant; and (b) the nature and seriousness of the danger posed by a reduction in defendant's term of imprisonment in light of, *inter alia*, his criminal history, the breadth and nature of the offense for which he was convicted, and his apparent disdain for the law. Accordingly, defendant's motion for reconsideration is granted but, upon reconsideration, I adhere to my original determination to deny defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).

II.	Conclusion

For the reasons set forth above, defendant's motion for reconsideration is granted but, upon reconsideration, I adhere to my original determination to deny defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).

SO ORDERED.

_____/s/_____
SANDRA J. FEUERSTEIN
United States District Court

Dated: November 24, 2015
Central Islip, New York